UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-CV-224-GFVT

ALLEN L. BOND,                                                                                      PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S REPORT**
                             **AND RECOMMENDATION**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                     DEFENDANT.

## I. INTRODUCTION

Plaintiff, Allen L. Bond, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying his application for disability insurance benefits and Supplemental Security Income (SSI). [Record No. 16]. This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Record No. 19]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [Record No. 16] be denied, the Defendant's Motion for Summary Judgment [Record No. 17] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On March 31, 2008, the Plaintiff filed an application for disability insurance benefits and supplemental security income. [Tr. 194-199]. In these applications, the Plaintiff alleged disability since March 20, 2008. Id. In his Disability Report, Form SSA-3368, the Plaintiff claimed his work

1

ability was limited due to obesity, arthritis, congestive heart failure and sleep apnea. [Tr. 223-230]. His claim was denied initially [Tr. 77-78], and on reconsideration [Tr. 79-80]. After denial of his claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 109].

On October 27, 2009 a hearing was held before ALJ Jimmy N. Coffman. [Tr. 63-76]. The Plaintiff testified at the hearing, and was represented by Robert McDowell. [Tr. 27-67]. ALJ Coffman denied Plaintiff's claim for benefits in a written decision dated December 2, 2009. [Tr. 81-93]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that he was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, *See* 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 88].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council. [Tr. 13]. This appeal was granted, the matter was remanded, and a new hearing was held on October 4, 2011 in Lexington, Kentucky. [Tr. 35-61]. The Plaintiff testified at the hearing, and was represented by Mr. Hubbard. [Tr. 35-61]. The ALJ also heard testimony from vocational expert Dr. Jackie Rogers. [Tr. 35-61]. In its remand order, the Appeals Council directed the ALJ to address and consider the Plaintiff's obesity pursuant to Social Security Ruling O2-1p and indicate the weight given to the opinions expressed by Bradley Davis, Timothy Gregg and Drew McLellin. [Tr. 18-29].

Upon review, the ALJ applied the five-step sequential evaluation process to determine that Bond was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits. [Tr. 20]. Next, the ALJ found that the Plaintiff has the following severe impairments: morbid

obesity at 450 pounds with BMI of 66.4; dyspnea diastolic chronic heart failure; history of sleep apnea; osteoarthritis of the knees; back pain secondary to degenerative disc disease of the lumbar spine; hypertension; and chronic edema, exertional dyspnea. [Tr. 21]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 22].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left him with the residual functional capacity ("RFC") to perform a limited range of light work as defined by the Regulations. [Tr. 22-23]. Specifically, with respect to his physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

> Claimant has the residual functional ability to occasionally lift and carry 20 pounds and frequently 10 pounds; stand and walk at least two hours in an eight hour day; sit for a total of six hours in an either hour workday; push and pull and use of foot controls bilateral lower extremities is limited to occasional due to edema and decreased sensation; only occasional climbing of stairs and ramps; never climbing ladders, ropes and scaffolds; only occasional balancing, stooping, kneeling, crouching, or crawling. He should avoid concentrated exposure to fully body vibration, fumes, odors, dusts, gases and all hazards such as unprotected heights and dangerous machinery.

[Tr. 22-23].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow him to perform the requirements of his past relevant work. The ALJ determined that the Plaintiff was able to perform past relevant work as a security guard as he performed that work, but not as performed in the national economy, *See* 20 C.F.R. §§ 404.1565, 416.965. [Tr. 27]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable

3

of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [Tr. 28]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, *See* 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 28].

Plaintiff requested a review of the ALJ's findings on remand and the Appeals Council denied this request. [Tr. 5-8]. On July 16, 2013, Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In his Motion for Summary Judgment, the Plaintiff asserts two grounds for relief: (1) that the ALJ failed to support his findings regarding the Plaintiff's obesity-related limitations with substantial evidence; and (2) that the ALJ's decision to discredit the testimony of Drew McLellin was not supported by substantial evidence. [Record No. 16]. The Commissioner responds that the ALJ's decision should be affirmed, as it was reached applying the proper standards and was supported by substantial evidence. [Record No. 17]. Following briefing, this matter was referred to the undersigned to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). [Record No. 19].

## III . STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope

4

of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

    A.    **The ALJ properly considered Bond's obesity-related limitations.**

In his motion for summary judgment, the Plaintiff claims that the ALJ's findings in regard to his claims of obesity-related limitations were not supported by substantial evidence. [Record No. 16]. The Plaintiff claims that the ALJ failed to sufficiently articulate how he reached his conclusion that Bond's obesity did not meet or equal a listed impairment under Listing 1.04. Id. This claims fail upon review of the record.

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

In this case, the ALJ properly supported his findings in the record with substantial evidence.

In regard to the claimant's alleged obesity limitations, the ALJ reviewed the record as a whole, including an assessment of the testimony given at the hearing. The ALJ found that:

> Concerning the effects of obesity, currently the claimant weighs 425 pounds, which reflects a weight loss of 25 pounds since the prior decision. Nevertheless, body mass index remains high and poses great risk for developing obesity-related impairments. Overall, the record reflects that the claimants [sic] weight has essentially shown a consistent pattern of obesity over the years and he has consistently been encouraged and advised by his treating physicians to change his eating habits and increase his activity as much as possible to lose weight. Although his physicians note that he became short of breath because of the increased girth of his abdomen and walking caused shortness of breath, obesity did not prevent him from working until 2008, so he worked while obese. Despite, his physicians [sic] admonishing him to lose weight, his weight increased over the years from 393 pounds in November 1997, 399 in August 1999, 400 pounds in January 2000 and remained greater than 400 after August 2000 until he was hospitalized in March 2007 for chest pain and he subsequently embarked upon a diet and lifestyle change including a 1900 calorie per day diet, which the claimant did not maintain (Exhibit 1F, 5F). Mark A. Swisher, M.D., gave the claimant Phentermine to help with weight loss and remarked that the claimant has demonstrated over and over that he would not drop any appreciable weight on his own (Exhibit 5F).

[Tr. 25]

Further, the ALJ found that the claimant was not entirely credible in regard to the severity of his limitations and overall disability. [Tr. 24]. The ALJ noted that the objective findings documented on the record were insufficient to show that he was precluded from preforming a range of light work and that the description of the symptoms and limitations provided throughout the record were unpersuasive. Id. Moreover, the medical evidence of the record did not support a finding of severe limitations on his physical abilities and that the claimant's own testimony regarding his daily activities did not clearly support a level of limitation that would be wholly consistent with being disabled. Id. Specifically, the ALJ found that Bond was able to take care of daily activities such as getting in and out of his vehicle, shopping for food, taking care of his pet, was able to preform personal grooming, go on daily walks, read his Bible, go to church every

6

Sunday, watch television and visit with friends. [Tr. 24]. Though the ALJ even claims that Bond's medically determinable impairment could have reasonably been expected to cause the alleged symptoms, a review of the medical evidence along with observations made and testimonies given at the hearing revealed that "the symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." Id.

Therefore, the ALJ supported his findings with substantial evidence that Bond was not disabled based on the symptoms he was experiencing from obesity. In regard to this claim, the ALJ took into consideration Bond's testimony at the hearing, along with the reports, statements, and medical records of both examining and treating physicians before making his decision. [Tr. 22-28]. Upon this review, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible, to the extent they were inconsistent with his residual functional capacity assessment, and that the objective medical evidence did not support his claims. [Tr. 22-28]. In his written decision, the ALJ noted the objective medical evidence, considered Bond's testimony at the hearing, and reviewed the record in a light most favorable to the Plaintiff. [Tr. 22-28]. The Plaintiff is not entitled to relief on this ground.

### B. The ALJ's decision to limit the weight of Drew McLellin's opinion was supported by substantial evidence.

In his instant Motion for Summary Judgment, Bond argues that the ALJ erred by not giving the proper weight to the opinion of his former supervisor Drew McLellin. [Record No. 16 at 12]. According to the Plaintiff, the ALJ fails to provide any "good reasons" for rejecting the evidence given by McLellin during his testimony at the hearing pursuant to 20 C.F.R. §404.1520(a)(3) resulting in an erroneous step four and five determination. Id. In opposition, the Commissioner correctly maintains that the ALJ complied with rule 20 C.F.R. § 404.1520(a)(3) and that the decision

to give less weight to McLellin's opinion was supported by substantial evidence. [Record No. 17].

Throughout the five-step disability evaluation process, the ALJ is charged with the duty to weigh evidence, resolve material conflicts in testimony, and determine the case accordingly. *See* Richardson v. Perales, 402 U.S. 389, 399 (1971). "The Commissioner has elected to impose certain standards on the treatment of medical source evidence." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-381 (6th Cir. 2013)(quoting Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Set forth in administrative regulations, these standards describe "(1) the various types of evidence that the Commissioner will consider, 20 C.F.R. § 404.1512; (2) who can provide evidence to establish an impairment, 20 C.F.R. § 404.1513; and (3) how that evidence will be evaluated, 20 C.F.R. § 404.1520b." Gayheart, 710 F.3d at 375. Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c).

Under § 404.1520(a)(3), the ALJ is required to consider all evidence in the case of record when making a determination or decision as to whether the claimant is disabled. The section does not require the ALJ to weigh evidence from other sources more heavily that any other part of the record. In addition, the ALJ has a duty to provide good reasons in the decision for the weight given to *a treating source's opinion*. 20 C.F.R. § 404.1527(d)(2)(emphasis added). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 938 *quoting* SSR 96-2p, 1996 SSR LEXIS 9 at *11-12, 1996 WL 374188 at *5.

In this case, the ALJ's decision to give limited consideration to the opinion of McLellin was supported by substantial evidence in the record. McLellin testified that Bond could not physically

carry out the functions required of a security guard. [Tr. 18]. The ALJ, however, attributed less weight to his opinion based on a review of various factors. The ALJ found that little wight should be accorded to McLellin's opinion because "his statement does not establish that the claimant [was] disabled since he is not medically trained to make exacting observations as to the degree of pain, medical signs and symptoms the claimant subjectively exhibits." [Tr. 25]. Put simply, the ALJ gave appropriate consideration to McLellin's testimony but also recognized that he was unqualified to make a medical determination. The ALJ also noted that Bond was able to perform his duties as a security guard until March 2008, meaning he was performing the proscribed duties of a security guard while obese. Id.

Instead of attributing greater weight to McLellin's testimony, the ALJ chose to accord greater weight to the findings of physicians Timothy Gregg, M.D., and Bradley Davis, M.D., who found that Bond could do light work as defined by the regulations. Id. at 24-27. Specifically, Davis provided evidence that Bond had normal blood pressure, a negative cardiac catheterization, a normal heart rate with a rhythm that was both regular in sound and intensity, was able to walk unassisted, and secondary to obesity, that Bond had only slight decrease range of motion in his hip and knee. [Tr. 26]. In addition, Gregg provided evidence that Bond had no ulcerations that would cause limitations and that X-rays of the lumbar spine noted only mild degenerative disc disease and no spondylolisthesis. [Tr. 27]. The ALJ found that the residual functional capacity assessment was supported by, "a preponderance of evidence gleaned from statements of the record, testimony and medical evidence of record from treating sources, medical consultants and state agency physicians." Id. at 27. The ALJ also noted that the Plaintiff's listed impairments do cause significant limitations, however the limitations were not severe enough to preclude Bond's ability to meet the demands of

9

basic work activities. Id.

Thus, when viewing the entire record, this Court finds that substantial evidence supported the ALJ's decision to assign lesser weight to McLellin's opinion. The record has shown that Bond has been able to handle his own hygiene and do light household work. Put simply, there was sufficient evidence upon which a reasonable person could accept as adequate the decision to limit the opinion of McLellin. As the Plaintiff has failed in his burden of presenting colorful claims of error, the undersigned recommends that his motion for summary judgment be denied.

### IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the Plaintiff's Motion for Summary Judgment [Record No. 16] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 17] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Signed July 3, 2014.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge